Dyer *v.* Cleaveland et al.

ALANSON DYER *v.* CHESTER CLEAVELAND, THOMAS J. ORMSBEE AND JONATHAN C. DEXTER.

When an action is founded on a deed, the deed must be declared upon ; and in such case the plea of *nil debet* is bad on general demurrer.

In an action of debt on a jail bond *nil debet* is not a good plea.

A jail bond, given upon the commitment of a debtor to jail upon execution, and conditioned that he shall not depart from the liberties of the prison without payment, is not, before there has been a breach by the debtor, proveable under a commission of bankruptcy upon the debtor's estate ; and consequently the debtor's certificate of discharge in bankruptcy, obtained after commitment, is no bar to an action upon the bond for a breach committed after the decree of bankruptcy.[*]

But if the jail bond were proveable under the commission, in such case, the certificate in bankruptcy would affect the liability of the debtor only, and not of the sureties ; and if the debtor and sureties join in a plea, which is sufficient as to the debtor, and insufficient as to the sureties, the whole plea will be held insufficient on general demurrer.

An averment, in a declaration in debt on a jail bond, that the execution issued in due form of law, and was delivered to the sheriff to levy, serve and return according to law, and that, for want of goods &c. whereon to levy, the sheriff, by virtue of the execution, and according to the precept thereof, arrested the body of the debtor, &c., sufficiently imports that the execution was properly directed to a legal officer.

So an averment, that the sheriff committed the debtor to the jail, until he should pay and satisfy to the plaintiff his damages and costs, as by said writ he was commanded, sufficiently imports that the jailer was properly commanded, in the execution, to keep the prisoner.

So the declaration is well enough, though it aver, that, by the condition of the bond, the debtor was to remain upon the limits, until he should pay the damages and costs of suit and costs of commitment. This is annexing no more to the condition, than the defendant was bound by statute to pay.

[*]Acc.,— *Goddard* v. *Vanderheyden,* 3 Wils. 262 ; *Paul* v. *Jones,* 1 T. R. 599 ; *Staines* v. *Planck,* 8 T. R. 376 ; *Taylor* v. *Young,* 3 B. & A. 521 ; *Atwood et al.* v. *Partridge,* 4 Bing. 209 ; *Yallop* v. *Ebers,* 1 B. & Ad. 698 ; *Clements* v. *Langley,* 5 B. & Ad. 372 ; *Lane et al.* v. *Burghart,* 3 Man. & Gr. 597 ; *Toppin* v. *Field,* 4 A. & E. (N. S.) 386 ; *Woodward* v. *Herbert et al.,* 24 Maine 358 ; *Wells* v. *Mace et al.,* 17 Vt. 503.

31

DEBT on jail bond. The plaintiff averred in his declaration, that at the April Term, 1842, of Rutland county court he recovered judgment against the defendant Cleaveland for a sum in damages and costs; that afterwards, on the sixth day of October, 1842, he took out an execution, in due form of law, upon his judgment, and delivered it to the sheriff to levy, serve and return according to law; that on the fifth day of December, 1842, the sheriff, for want of goods and estate of Cleaveland, whereof to levy the debt, arrested his body and committed him to the jail in the county of Rutland, within the prison, until he should pay and satisfy to the plaintiff his damages and costs aforesaid, as by the said writ the sheriff was commanded; that Cleaveland was admitted to the liberties of the prison the same day, and thereupon the defendants executed a bond, with a condition specifying that Cleaveland was a prisoner for the sum of damages and costs specified in the execution, and also for the officer's fees of commitment, and that he should not depart from the liberties of the prison, unless lawfully discharged. And the plaintiff alleged, that Cleaveland, without right, departed from the liberties of the prison on the second day of October, 1843; and a proper assignment of the jail bond to the plaintiff was averred.

The defendants pleaded *nil debet,* and also a plea in bankruptcy, averring that Cleaveland filed his petition to be declared a bankrupt on the fourteenth day of December, 1842, that he was declared a bankrupt on the ninth day of February, 1843, that the creditors were duly notified to show cause on the thirtieth day of August, 1843, why his discharge as a bankrupt should not be granted; that no objection was made, and he received his discharge on the seventh day of October, 1843. To these pleas the plaintiff demurred.

The county court,—WILLIAMS, Ch. J., presiding,—adjudged the pleas insufficient; to which decision the defendants excepted.

*Ormsbee & Edgerton* for defendants.

1. The plea of *nil debet* was sufficient in this case; the jail bond was merely inducement to the action, and the *escape* was the foundation of it. 1 Chit Pl. 517. 1 Saund. 38, n. 3. *Minton* v. *Woodworth et al.,* 11 Johns. 474.

2. The demurrer reaches back to the first defective pleading. The declaration is bad. 1. The execution is not addressed to

any legal officer. Rev. St. 180, § 6. 2. There is no command in the execution, to the keeper of the jail, to keep the debtor. Rev. St. 484, Form 5. 3. The execution shows Cleaveland a prisoner for the damages and costs of suit, merely; the condition of the bond makes him a prisoner for damages and costs, and also for the officer's fees for commitment. *Lyman* v. *Ide*, 1 D. Chip. 46. *Sherwin et al.* v. *Bliss*, 4 Vt. 96.

3. The jail bond is merely a security for the sheriff, and, through him, for the creditor. The debt, in this case, was proveable under the commission in bankruptcy, and was consequently discharged by the discharge in bankruptcy. The only legitimate object of imprisonment for debt is to compel a delivery, by the debtor, of all his property, not exempted from legal attachment for the payment of his debts. When a person is declared a bankrupt, all his property is vested in the assignee, and the only beneficial object of the state law, under which a person is, or can be, imprisoned for debt, is gained; and we claim, that thereby the person imprisoned, when he is declared a bankrupt, is discharged by due process of law. The creditors of Cleaveland having neglected, on the thirtieth day of August, 1843, to make any objections to his discharge, he must be considered, from that time, as entitled to his discharge at any time. It may well be considered, as a discharge lying in court for him. 1 D. Chip. 151. Rev. St. 460.

*Thrall & Pond* for plaintiff.

1. It has been uniformly held, that the plea of *nil debet*, to an action on a specialty, or record, is defective in its nature and ill on general demurrer. *Gould's Pl.* 310. 2 Wils. 10. 2 Str. 778. 5 Burr. 2586. 2 Ld. Raym. 1503. 1 Saund. R. 38, n. 3. 2 Saund. R. 187, n. 2. 1 Chit. Pl. 478, 518. *Gates* v. *Wheeler*, 2 Hill 232.

2. The matter alleged in the second plea cannot avail any of the defendants, except Cleaveland. The plea confesses the breach, as committed on the second day of October, 1843, as alleged in the declaration. If so, the debt became absolute against all of the defendants at that time; and though Cleaveland's discharge might have operated as to him, it could not affect the liability of the other defendants. Therefore the plea, being bad as to part of the defend-

ants, is bad as to all. *Starr* v. *Robinson* 1 D. Chip. 257. 1 Chit. Pl. 545. Gould's Pl. 360. *Smith* v. *Bouchier et al.*, 2 Str. 993. *Middleton* v. *Price*, 2 Str. 1184. *Moors v. Parker et al.*, 3 Mass. 310.

The opinion of the court was delivered by

BENNETT, J. The first question presented for our consideration is, whether, in an action of debt upon a jail bond, *nil debet* is a good plea. When the plaintiff counts upon a deed only as *inducement* to the action, *nil debet* is a good plea. In an action of debt for rent, due on a deed of lease, the deed is but *inducement*. The subsequent occupation by the defendant under the demise is the *gist* of the action. Rent is considered as a *profit, which issues* out of the land, and when sued for as a debt, it is considered, that the debt arises out of the *receipt of the issues and profits* by the defendant ; and not from the deed. The declaration, in fact, alleges the debt, as arising from the occupation of the premises ; and the lease is mere matter of evidence. In such case it is quite clear, that *nil debet* is a good plea. 1 Saund 276 (n. 1.) It is equally well settled, that, wherever the action is founded on a deed, the deed must be declared upon ; and in such case the plea of *nil debet* is ill on general demurrer. 2 Wils. 10. 1 Chit. Pl. 478. 1 Saund. 38 n. 3. *Warren* v. *Consett*, 2 Ld. Raym. 1500. If the plea of *nil debet* were sufficient, it would, in practice, be quite inconvenient and expensive for the plaintiff. It would be necessary for him to come prepared to prove not only the execution of the bond, but also all those facts, which are necessary to give him a right of action. The defendant would also be allowed to avail himself of every special matter of defence, which he might have proved, under the same plea, in an action of debt on simple contract.

The present action is founded upon the bond ; though it was necessary for the plaintiff to state in his declaration other facts, to entitle himself to a recovery. The plaintiff could not declare for the escape and give the bond in evidence, but must declare upon the bond itself. *Atty et al.* v. *Parish et al.*, 4 B. & P. 104. In *Smith* v. *Whitehead,* cited in *Warren* v. *Consett*, 2 Ld. Raym. 1503, it was expressly held, that, in an action of debt, brought by the as-

Dyer *v.* Cleaveland et al.

ignee of the sheriff upon a bail bond, *nil debct* was not a good plea. That case was held to be a sufficient authority to govern the case of *Warren* v. *Consett.* In debt for an escape, the escape is the foundation of the action, and the judgment is merely inducement; and for this reason it has always been held, that in such action *nil debet* is a good plea. The defendant's first plea must, then, be held insufficient.

It will now be necessary to consider the defendants' second plea. So long as Cleveland remained upon the liberties of the jail yard, *without departing therefrom*, there was no debt, or claim, arising from or out of the bond, which was proveable under the bankrupt act, either against Cleveland, or his bail. Until a breach of the condition there was, at most, but a mere contingent liability, which, considering the nature and object of the bond, and the regulations to which it was subject, was not within the meaning of the provision in the bankrupt law, allowing the proof of uncertain, or contingent, *debts, claims,* or *demands.* The bond is taken to the sheriff, and is assignable to the creditor upon condition broken, and not before, with all the privileges and advantages, in a suit thereon in his own name, which would belong to the sheriff in a suit brought by him. If the sheriff shall, on demand, assign the bond, the creditor can maintain no action against the sheriff for an escape, until he has sued the bond.

Though it may be true, that the judgment against Cleaveland, existing at the time of bankruptcy, might have been proveable under the commission, and that, if he had continued in jail, he might have been discharged upon an *audita querela*, after having obtained his certificate; and although, perhaps, if the certificate had been granted before any escape, he might have pleaded it in bar of an action on the bond,—though this might be at variance with the English practice in analogous cases,—still, in the present case the escape was committed, and the bond of course forfeited, before the certificate was obtained; and consequently the circumstance of the judgment against Cleaveland being proveable under the commission would not be material. A new right, a right of action on the bond, to recover the original debt, accrued immediately upon the escape, which, under our decisions, can not be purged by a recaption, or return.

In the present case the decree of bankruptcy was prior to a breach of the bond, and of course it was not proveable; but suppose we consider the bond to have been *proveable,* as a contingent claim, before condition broken; or suppose the breach had been prior to the bankruptcy, a certificate granted after the breach, and after the obligors had become liable on the bond, by reason of such breach, for the original debt, would discharge Cleaveland only, leaving his sureties liable. The bankrupt law expressly provided, "that no discharge of any bankrupt should release, or discharge, any person, who may be liable as *surety* for or with the bankrupt." In England it has often been decided, in the case of bail to the action, that, if the bail became fixed by a return of *non est inventus* before a discharge in bankruptcy of the principal, the bail remains liable, there being in England no absolute right of surrender, as there is here, at any time before judgment on the *scire facias.* In the case of bail upon a jail bond, the surety, after breach of the condition, is absolutely fixed with the payment of the debt. There exists in this state no right of surrender, nor can the bail be relieved by recaption, or return of the prisoner, before action brought. If, then, it could be established, that the second plea contained good matter in bar of the action as to Cleaveland, yet, he having joined with the other defendants in a plea that is insufficient for them, *it is ill* as to all. No principle of pleading is better established than this. The result is, that the second plea must be adjudged insufficient.

The defendants counsel have made some objections to the sufficiency of the plaintiffs declaration; but we cannot regard them as entitled to much weight.

It is said, that the execution, upon which the commitment was made, was not addressed to any legal officer. But it is averred in the declaration, that the execution issued on the judgment *in due* form of law, and that it was delivered to the sheriff to levy, serve and return according to law, and that for the want of goods and estate of said Cleaveland, whereon to levy, the sheriff, by *virtue of said writ of execution,* and *according to the precept thereof,* arrested the body, &c. Here, then, is a direct averment, that the arrest was made by virtue of the execution and *according to the precept thereof.* This necessarily implies, that the execution was directed to the sheriff who executed it. But if it was not so, and the officer who

served it had no authority in fact to execute it, it might well be inquired, this not appearing upon the face of the declaration, whether the bond must not be avoided by a plea of *duress of imprisonment.* It is also said, that there is no command to the keeper of the jail to keep the debtor, Cleaveland. The declaration avers, that the sheriff arrested and took the body of Cleaveland and him committed to the jail of said county, within the said prison, *until he should pay and satisfy to the plaintiff his damages and costs, as by said writ he was commanded.* The debtor having been duly committed for the non-payment of the execution, the law makes it the duty of the jailer to keep the prisoner in custody until legally discharged; and surely it can be no objection to this declaration, that it is not expressly averred in it, that the writ of execution contained within it a direction to the jailer to keep the prisoner, &c.

The objection, that the condition of the bond makes Cleaveland a prisoner for the damages and costs and the officer's fees on the execution, is entitled to no weight. This is not annexing any thing more than what the debtor is bound to pay, and what is provided for by the statute, and does not render the bond illegal. The result is, the judgment of the county court is affirmed.