## TURNER AND WIFE v. ESSELMAN.

1. A decree in bankruptcy, will not protect the surety of a guardian of a minor, on his official bond, against a statute judgment obtained against him as such surety, by the return of no property to an execution against his principal, though made after he obtained his decree in bankruptcy.

Error to the County Court of Lowndes. Before the Hon. Edward H. Cook, Judge.

The facts all appear in the opinion of the court.

.I B. Stone, for plaintiff in error.

1. When execution shall have issued against any executor, administrator, or guardian, and shall have been returned " no property found," execution shall forthwith issue against

Turner and Wife v. Esselman.

the securities of such executor, administrator, or guardian. Clay's Dig. 335.

2. The debt sought to be enforced and collected by the execution, is a fiduciary debt, and comes within the express exceptions of the bankrupt act. See bankrupt law of 1841, sec. 1.

3. A construction cannot be given to the act of bankruptcy of 1841, so as to annul, destroy, or impair any lawful rights of married women or minors, &c., which may be valid by the laws of the · states respectively. Bankrupt law, 3d proviso, 2d sec.

4. The replications of the defendant in error, to the pleas, should have shown that the plaintiff's debt is not of the class mentioned in the first section of the bankrupt act, as having been created in consequence of a defalcation as a public officer, or as executor, &c. Maples v. Burnside, 1 Denio's Rep. 392.

T. J. JUDGE, contra.

1. It was irregular in plaintiffs in error to plead to defendant's petition : defendant was the actor, and [the burden of proof rested upon him, to shew good cause for quashing the levy. Wilson v. Auld, ex'r, 7 Ala. 302. And plaintiffs in error having demurred to defendant's replication, the demurrer should have been visited upon his plea, they being faulty, as well as irregular. The demurrer too. was not to each replication separately, but to both jointly ; so that, if either one be good, there was no error in the ruling of the court on the demurrer.

2. But all questions arising upon the pleadings, were settled or waived, by the subsequent conduct of the parties : there was no controversy about the facts ; and the judgment entry shows, that by consent, the law was pronounced on facts agreed. So that if the replications, or either one, be not good,-plaintiffs were not injured thereby.

3. The court below did not err in its final action. The defendant had been discharged in bankruptcy, previous to the rendition of the decree, and the return of no property found, on the execution against Caffey. Defendant's liability, on the guardian bond, was not in a "fiduciary capacity"

—he being the surety thereon merely. "The fiduciary capacity spoken of in the bankrupt law, is a trust proper." 7 Ala. 335. By defendant's discharge, he was absolved from all his debts, engagements, and contracts, whether absolute or depending on some future contingency ; and ' *all sureties*' are specially provided for in the act. Bankrupt law, sec. 5 ; Kyle & Gunter v. Bostick & Sherrod, 10 Ala. 589. And the 3d proviso of the 2d section of the act, has no application to the case at bar : the character of the section to which the proviso is attached, shews this ; besides, the rights there reserved to married women and minors, are " not to be inconsistent with the provisions of the second and fifth sections of the act." See 2d and 3d proviso's B. L.

4. The act of the court, in quashing the execution, &c., instead of the levy, was a mere act of supererrogation. McDougald v. Reid and Talbot, 5 Ala. 812.

CHILTON, J.—The defendant in error exhibited his petition, and obtained a writ, superseding an execution, which issued from the county court of Lowndes, against him and Hugh P. Caffey, on the 20th October, 1847. The petition proceeds upon the ground—1. That there was no judgment against the petitioner, upon which an execution could issue. 2. That if such judgment did exist, petitioner was discharged from its obligation, by a discharge in bankruptcy, &c.

Upon the trial of the *supersedeas*, informal and vicious pleadings were had, and several points saved upon demurrers, but it is unnecessary to notice them, inasmuch as the parties, having spread the whole facts upon the record, consented that the court might render a judgment upon them, without the intervention of a jury. As neither party was injured by the mispleading, it cannot be urged as a ground for injured. We will examine the main, and indeed the *only* question, in the cause, viz., whether the judgment of the court is sustained by the facts set out in the record.

The facts are briefly these : It appears, that on the 15th November, 1830, Hugh P. Caffey having been appointed guardian for Theodosia Ann Reddick, one of the plaintiffs in error, now the wife of Turner, entered into bond with one Seymour Powell, and the defendant in error, as his securities,

for the faithful performance of his duties as such guardian; which bond was conditioned, payable, and approved as the law directs. Afterwards, said guardian returned to the orphans' court an account current with his ward, by which he acknowledges to be due her, and in his hands, on the 1st January, 1834, the sum of $242 92. In July, 1845, the court ordered a citation to issue at the instance of the ward, who had intermarried with Turner, requiring the said Caffey, as guardian, to appear at a time and place therein designated, and make a final settlement of his said guardianship. He failed to appear, and after repeated efforts to procure his personal attendance, the county judge proceeded, under the statute, to state the account, and to render final judgment against him. This judgment was rendered on the 4th February, 1845, for the sum of $469 68, and on the 3d day of January, 1846, an execution issued upon it, which was duly returned "no property found." Thereupon, the execution which was superseded, and which the court below quashed, was issued.

The defendant in error produced and read the certificate of his discharge in bankruptcy, issued by the district court of the United States, for the southern district of Alabama, and which dated the discharge from his debts, &c., from the 23d day of December, 1842. This was all the proof; and the case turns upon the effect of the bankrupt's discharge; for under our statutes, the execution properly issued, and should not have been quashed, or superseded, as to the defendant, unless it was upon the ground of his bankruptcy.

It is settled, by the decisions of this court, that where an execution is attempted to be enforced against the bankrupt, he may avail himself of his discharge, by superseding and quashing the execution. Mabry et al. v. Herndon, 8 Ala. R. 848; Cogburn v. Elliot and Spence, at the present term. The execution creditor may impeach the discharge for fraud, or show that the demand is of such character, as takes it without the operation of the certificate of discharge. In this case, the latter defence is relied upon.

By the last clause in the second section of the bankrupt act, it is provided, "that nothing in this act contained shall be construed, to annul, destroy, or impair any lawful rights of married women or minors, or any liens, mortgages, or other

securities on property, real or personal, which may be valid by the laws of the states respectively, and which are not inconsistent with the provisions of the second and fifth sections of this act." In the case before us, the guardian's bond, although payable to the county judge, is nevertheless for the benefit of the infant ward. She is the beneficiary, and entitled to execution upon it after a return of *nulla bona* to an execution upon a judgment against her guardian. Can this right be taken from her, by the discharge of the surety? To hold that it can, is "to construe" the bankrupt act so as to destroy her right, the enjoyment and assertion of which, do not conflict with any thing contained either in the second, or fifth sections of the act.

The fourth section does indeed declare, that the bankrupt's discharge shall be "from all his debts" ,and that the certificate of discharge, when duly granted, "shall in all courts of justice be deemed a full and complete discharge of all debts, contracts, and other engagements of such bankrupt, which are provable under this act, &c;" but the general provisions are expressly limited by the proviso, which extends to the whole act: "*nothing in this act contained* shall be construed to annul, destroy or impair any lawful rights of minors, &c."

This language is plain and unambiguous, and needs not the aid of construction. It certainly cannot be restricted to would perhaps, have been the just and legal construction of the exemption of infants from commissions of involuntary bankruptcy. This the act, had no such provision been inserted. See 9 Bing. Rep. 365; 3 C. & P. 283; 14 Ves. Rep. 603; 4 Camp. R. 164; 15 Wend. R. 64; 4 ib. 403; 6 Taunt. R. 106. So neither could a married woman be declared a bankrupt, except perhaps, in cases where she carried on business as a *feme sole*, and was responsible as such. La Vie v. Philips, 1 W. Black. 570; 8 Johns. Rep. 72; 18 *ib.* 141; 1 Dessaus. R. 454; 8 Term R. 546; 7 Bing. Rep. 762; 3 Burr. 1776.

We have been unable to find, by the examination which we have made of the books, any adjudicated case, construing the clause in question, as respects the rights of married women, and minors; the absence of authority on the point, goes far to show that the construction contended for, by the counsel for the defendant in error cannot be sustained, and

that the framers of the act meant what they said, that such rights should remain, neither annulled, destroyed or impaired, by any thing contained in the statute.

The discharge only operates upon such debts, contracts and engagements as are provable under the act ; and it would seem to be but a reasonable conclusion, that while such debts, &c. as were not provable, should not be barred or discharged, neither should such claims as are due to persons incapable of proving them, be discharged. In many cases it might have occurred, that infants were wholly incapable of proving their demands or protecting their interest ; and to have defeated their rights by a proceeding, in the benefits of which they could not participate, or which, for want of capacity, if improperly instituted, they could not avoid, would be manifestly unjust. This conclusion would seem to derive additional force from the fact, that liabilities for defalcations, as executor, administrator, guardian, &c., cannot be discharged. In such cases it most usually happens, that the rights of married women and minors are involved. In exempting their rights from the operation of the statute, congress did no more than is usually done in the statutes of limitations, non-claims, &c., and but affirmed the wholesome and just principle that no one should be deprived of his rights, by judicial evidence, who is incapable of appearing and protecting them.

This view is conclusive of the case before us, and it becomes unnecessary to examine the other question raised, whether the engagement of the defendent in error was of such a nature, as could have been proved under the decree.

Until the guardian made default, there was certainly no demand which was provable against the surety, and I apprehend, it was hardly contemplated by the act, that the court granting the discharge, should institute an inquiry as to the extent of the principal's default. This would, in many cases, be impracticable, and would have rendered the law in such cases, nugatory by involving the court in inextricable difficulties and delays. But as it is unnecessary to decide the question, we will leave it open. See however, Dyer v. Cleaveland, 18 Verm. Rep. 241 ; Crouch v. Gridley, 6 Hill's Rep. 250.

The certificate of dicharge being the only ground of defence attempted to be set up by the proof, did not authorise the court, as against the ward, to supersede the execution : the judgment must be reversed and the cause remanded. The parties in the primary court should have leave to amend their pleading. The mode of proceeding in such cases is sufficiently indicated in Mabry, Giller & Walker, v. Herndon, 8 Ala. Rep. 848 ; Shearer v. Boyd, 10 ib. 281 ; Spence & Stinnett v. Walker, 7 ib. 568; ib. 302.

DARGAN, J.—I fully concur with the court, in reversing the judgment, because I do not consider that the debt was provable under the bankrupt act, at the time the defendant in error was declared a bankrupt ; and for the further reason, that the debt due from the guardian to his ward, was of a fiduciary character, and therefore not affected by the act. But I am not of the opinion expressed, that the bankrupt act does not affect debts due to married women, or minors. I think all debts, whether due to married women, or minors, are discharged by the certificate of bankruptcy, unless they be of a fiduciary character.