HUNTER C. WHITE *et al.* *vs* MARTIN MURRAY *et al.*

PROVIDENCE—APRIL 19, 1897.

PRESENT : Stiness and Tillinghast, JJ.

A resident creditor brought suit against B. and attached his personal estate ; B. gave bond, with sureties, conditioned to pay any judgment that might be recovered against him in that suit, and such judgment was afterwards obtained ; B. filed his petition and was thereon adjudged insolvent, and afterwards secured a discharge ; before the adjudication of insolvency, the judgment being unpaid, the present plaintiffs brought suit on the bond and obtained judgment in a District Court ; after overruling the defend-

ants' exceptions the Appellate Division, of the Supreme Court granted a
stay of execution, and plaintiffs applied to have the stay taken off :—

*Held,* that the cause of action in the suit on the bond accrued upon the entry
of judgment in the attachment suit, and hence it was a provable claim
against B. and was covered by his discharge.

*Held,* further, that while the discharge could not be pleaded because the suit
was ended, B. was none the less entitled to its benefit.

*Held,* further, that this did not affect the sureties, their liability having been
fixed by the entry of judgment in the attachment suit.

*Held,* further, that section 52 of the Insolvency Act, cannot be construed to
refer only to sureties for the original debt.

*Held,* further, that the discharge of B. did not operate to discharge the
sureties after their liability had become fixed by the happening of the
contingency of the bond.

*Held,* further, that the stay of execution should be taken off as against the
sureties, but be continued perpetually as to B.

DEBT ON BOND given to release an attachment. Heard on
plaintiffs' motion to remove a stay of execution that had
been ordered pending insolvency proceedings affecting the
principal in the bond.

STINESS, J. Upon the decision of the exceptions in this
case, the plaintiffs moved to take off the stay of execution
which had been entered, but the defendants oppose it. They
say that the judgment obtained in the case, in which the
attachment bond now in suit was given, was suffered to be
entered by default by the insolvent within four months of
the filing of the petition. This is true ; but it was a suit
brought and judgment obtained before the proceedings in
insolvency were commenced, and there is nothing to show
that there was any knowledge on the part of the plaintiffs in
the prior suit, or even on the part of the defendant, that
Murray was not able to go on in business if he should be
forced to pay their debt, and nothing to show that the judg-
ment was suffered to be entered against Murray with the
intent to hinder, delay or defraud his creditors. The judg-
ment was entered October 1, 1896 ; execution issued October
3, and the petition in insolvency was filed October 5, 1896.
It is claimed for the plaintiffs that, as this suit on the bond
was not brought until November 17, 1896, it is not within
the insolvency proceedings and is not affected by Murray's
discharge. We think the cause of action accrued upon the

entry of the judgment, and hence that this was a provable claim against Murray and so is covered by his discharge. Judgment having been entered in the suit, the discharge cannot be pleaded because the suit is at an end ; but the insolvent is none the less entitled to the benefit of it. This however does not affect the sureties, since the entry of the judgment against Murray fixed their liability under the bond, because that was the contingency upon which the liability depended.

But this suit being upon a bond in which Murray was principal and the other defendants were sureties, the Insolvency Act provides for the exigency in section 52 : "The liability of a person who is a co-debtor with, or guarantor, or in any manner surety for a person who has been adjudged insolvent and thereafter been discharged, shall not be abridged or altered by such discharge."

The defendants claim that this refers only to sureties for the original debt. But this clearly is not so. They were sureties for the judgment, if any should be entered. The debt is merged in the judgment, and it is from the judgment that Murray is released by his discharge. This judgment existed before, and is discharged as to Murray by the insolvency proceedings against him. Hence the other defendants were his sureties within the provisions of the act. *Carpenter* v. *Turrell*, 100 Mass. 450. The discharge of Murray, however, does not operate to discharge the sureties after their liability has become fixed by the happening of the contingency of the bond. *Claflin* v. *Cogan*, 48 N. H. 411 ; *Dyer* v. *Cleveland*, 18 Vt. 241 ; *Towle* v. *Robinson*, 15 N. H. 408 ; *Hall* v. *Fowler*, 6 Hill (N. Y.), 630 ; *Garnett* v. *Roper*, 10 Ala. 842. See also notes of decisions on corresponding provision of the U. S. Bankrupt Law in Bump on Bankruptcy § 5718, p. 726, 8 ed.

The plaintiffs being entitled to their execution against the sureties, their motion to take off the stay is granted as to them and a perpetual stay is ordered as to Murray.

*Henry C. Curtis*, for plaintiffs.

*Hugh J. Carroll*, for defendants.